[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14027
Non-Argument Calendar

_____

D.C. Docket No. 3:03-cr-00101-LC-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GUSTAVO MANCHA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 13, 2020)

Before ED CARNES, Chief Judge, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Gustavo Mancha appeals an eight-month sentence of imprisonment the district court imposed under 18 U.S.C. § 3583(e)(3) after finding that Mancha had violated the terms of his supervised release.  He argues that the eight-month sentence was substantively unreasonable and he should instead have received mental health treatment.  We see no abuse of discretion and affirm.

I.

In December 2004 Defendant-Appellant Gustavo Mancha pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii).  He was sentenced to 262 months imprisonment and a five-year term of supervised release.  His term of imprisonment was later reduced twice, ultimately to 169 months imprisonment. He was released from prison in June 2017 and began supervised release on June 23, 2017.

Mancha violated the terms of his supervised release the first time in 2018. For those violations, the district court sentenced him to 6 months imprisonment, followed by 24 months of supervised release.  Mancha served his sentence and was released back to supervision on November 16, 2018.

In September 2019 the probation office filed another petition alleging that Mancha had violated the terms of his supervised release six times between May

and September.  First, the petition alleged that Mancha had tested positive for methamphetamine, amphetamine, or both, on four occasions, and had tested positive for cocaine and MDMA on another occasion.  It alleged that Mancha had failed to report for drug testing on another occasion.  It also noted that Mancha had admitted to all the drug use except the allegations of methamphetamine use.

At the revocation hearing, Mancha did not contest the allegations in the petition.  His attorney argued that Mancha had tested positive for amphetamine and methamphetamine because he had been using Adderall to manage his ADHD, even though he didn't have a prescription for Adderall.  His attorney also argued that a probation office program (the STEP program) had referred Mancha to a psychiatrist, and Mancha was "getting close to getting a prescription" for Adderall.  His attorney noted that Mancha owned and managed a tattoo business with eleven employees and argued that his successful business indicated he was doing well and could be a contributing member of society.

Mancha then began a long conversation with the district court.  First, addressing the failure to report for testing, Mancha told the court that he sometimes got so busy at work that he forgot to call to determine if he needed to report for testing.  He said that it just "slips [his] mind" sometimes.

As to his Adderall use, he said he had been diagnosed with ADHD as a child and had historically used marijuana to calm himself down and address his ADHD

3

symptoms. He acknowledged that he had been "doing wrong" by taking the Adderall without a prescription but said that it helped him with the stress of owning and running a business. He claimed that he had been in contact with the STEP program, which had been telling him for three months that they would help him get an appointment to get an Adderall prescription, but had not yet done so. Mancha stated that his cocaine use was an isolated incident that would not happen again.

The United States deferred to the court but noted that it seemed like Mancha was able to comply with the terms of supervision, but he was "just not going to do it."

The court found that Mancha had violated the terms of his supervised release as the petition had alleged. It stated for the record that it had considered his statements and comments and all the factors in 18 U.S.C. § 3553(a). The court observed that Mancha had "blamed everybody but [him]self," and found that he "can clearly" comply with the terms of his release, but "he hasn't chosen to do that." It sentenced Mancha to eight months imprisonment with no supervision to follow, finding it "apparent that [supervision] can do [Mancha] no good whatsoever."

Mancha appeals.

## II.

We review the substantive reasonableness of a sentence imposed upon the revocation of supervised release in view of the totality of the circumstances and the relevant § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence has the burden of showing that it is unreasonable. Id. "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

If a defendant violates a term of his supervised release, the district court may revoke his supervision and impose a term of imprisonment. 18 U.S.C. § 3583(e)(3). When a court modifies or revokes a defendant's supervised release it must consider any applicable factors set forth in § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guidelines range. See § 3583(e); § 3553(a).

### III.

The district court did not abuse its discretion in sentencing Mancha to eight months imprisonment instead of ordering him to undergo treatment. Because the underlying offense was a Class C felony, the district court could have imposed a

5

prison term of up to 24 months.  Id.  The advisory guidelines range was 8 to 14 months.

The district court considered the relevant § 3553(a) factors and its finding that Mancha was blaming others for his behavior.  Nothing in the record indicates that the court failed to consider the relevant § 3553(a) factors, gave any weight to factors it should not have considered, or committed a clear error of judgment.  Mancha's argument boils down to the assertion that it would have been better had he been sentenced to a treatment program than to imprisonment.  But the district court did not abuse its discretion by not agreeing with him.

**AFFIRMED.**[1]

---

[1] In his reply brief, Mancha asks the Court to "take notice" of a letter his attorney received on November 25, 2019 (almost two months after Mancha's supervision was revoked). We decline to consider the letter because it was not before the trial court and it is not subject to judicial notice.  See Fed. R. Evid. 201(b).